JUANITA WILLIS v. REIDSVILLE DRAPERY PLANT, AND LIBERTY MUTUAL INSURANCE COMPANY

No. 7517IC947

(Filed 5 May 1976)

**Master and Servant § 65— workmen's compensation — back injury — temporary total disability**

> Evidence was sufficient to support the Industrial Commission's finding that plaintiff was unable to resume her regular duties of employment due to a back injury suffered in the course of her employment; it could reasonably be inferred that whatever gainful employment plaintiff might engage in would be for a reduced wage since she was not able to return to the job on which she was injured; and such evidence was sufficient to support the Commission's determination that plaintiff was temporarily totally disabled for one year and three weeks and was due compensation therefor.

APPEAL by defendants from an order of the North Carolina Industrial Commission filed 26 August 1975. Heard in the Court of Appeals 12 March 1976.

Following a hearing held 27 March 1972 before Commissioner Stephenson, an award was rendered in favor of plaintiff upon a finding that she had suffered a back injury in the course of her employment and had been thereby temporarily totally disabled from the date of the accident, 6 August 1971, until the date of the hearing, but that plaintiff's total disability had not yet been established. A hearing was subsequently held before Deputy Commissioner Roney on 19 August 1974, and before Commissioner Vance on 7 November 1974. Evidence at these hearings indicated that plaintiff had been examined by numerous doctors since the earlier hearing. Dr. Maultsby stated in a letter dated 10 April 1972 that he had instructed plaintiff that she could

return to work on approximately 10 April 1972. In a letter dated 15 September 1972, Dr. Dilworth stated that he had examined plaintiff on 31 August 1972. After his examination, he stated that plaintiff should return to work and would show marked improvement with activity, work and an exercise program. Dr. Ames reported he had examined plaintiff last on 4 February 1974 and had been unable to diagnose the cause of her back pains. Dr. Klenner, plaintiff's regular doctor, stated in a deposition dated 1 November 1974 that he was treating plaintiff for arthritis which he believed was precipitated by plaintiff's work injury but that he felt plaintiff could be employed and had issued a return to work certificate to plaintiff on several occasions. He stated: "We gave her a return to work certificate after Dr. Ames saw her, but she was not to go back to her original work. We thought that would be ridiculous, the same situation would develop again and of course, she had difficulty raising the leg and could not do that job. . . . I told her on several occasions that she could go back to work, but not to the work that she was injured on."

Deputy Commissioner Roney entered an opinion and award concluding that plaintiff was able to return to work on 31 August 1972 and was therefore entitled to compensation commencing 27 March 1972 through 31 August 1972. On appeal, the Full Commission affirmed the result reached by the Hearing Commissioner. From the Opinion and Award for the Full Commission, defendants appealed.

*Bethea, Robinson, Moore & Sands, by D. Leon Moore, for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Martin N. Erwin and J. Donald Cowan, Jr., for defendants.*

MARTIN, Judge.

Defendants contend there is no competent evidence to support the factual finding and conclusion of law that the plaintiff was temporarily totally disabled beyond April 10, 1972, nor to support an award of temporary total disability benefits beyond that date.

"Upon review of an order of the Industrial Commission, this Court does not weigh the evidence, but may only determine whether there is evidence in the record to support the finding made by the Commission. (Citation omitted.) If there is any

---

**Willis v. Drapery Plant**

---

evidence of substance which directly or by reasonable inference tends to support the findings, the Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary. (Citation omitted.)" *Russell v. Yarns, Inc.,* 18 N.C. App. 249, 196 S.E. 2d 571 (1973).

In the instant case, there was competent medical evidence that plaintiff was unable to resume her regular duties due to her accident. On 1 November 1974, Dr. Klenner was asked whether, in his opinion, the plaintiff was able to go to work as of that time. He answered as follows: "Yes, sir, I think that she is able to do so on a physical standpoint. I think that she is able to participate in a gainful occupation but I feel that she should not go back to the job that she was injured on. . . . " Further, there was evidence that plaintiff had sought lighter work, but was unable to find it. From this evidence, it may reasonably be inferred that whatever gainful employment plaintiff might engage in would be for a reduced wage, since she was, according to Dr. Klenner, not able to return to the job on which she was injured.

This reduction in wage amounts to a "disability" within the meaning of the Workmen's Compensation Act since the term "disability" means " . . . incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." G.S. 97-2(9). " ' . . . [D]isability refers not to physical infirmity but to a diminished capacity to earn money.' " *Burton v. Blum & Son,* 270 N.C. 695, 155 S.E. 2d 71 (1967).

In the instant case, the evidence was sufficient to support the Industrial Commission's determination that due to the injury by accident, plaintiff was temporarily but totally disabled beyond the date of 27 March 1972 through 31 August 1972 and is due compensation therefor.

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.