EDITH S. KING, WIDOW OF HAROLD B. KING, DECEASED EMPLOYEE, PLAINTIFF v. EXXON COMPANY, EMPLOYER, SELF-INSURER, CARRIER DEFENDANT

No. 7910IC1059

(Filed 20 May 1980)

**Master and Servant § 55.3— workers' compensation—death not result of accident**

The Industrial Commission properly determined that the death of a traveling mechanic who replaced computers in gas pumps at service stations did not result from an accident arising out of and in the course of his employment where decedent was found lying unconscious on his back on the concrete next to a gas pump on which he was working; decedent had hemorrhaged from the rupture of a congenital aneurysm in the left carotid artery; in order to perform his work, decedent had to crouch down and lift computers weighing 50 to 60 pounds up into the pumps; the strain upon decedent from the position in which he was working could have caused the aneurysm to rupture; there

King v. Exxon Co.

was no evidence that decedent had any bruises, lacerations, abrasions or other physical indicia of a trauma or fall; and there was no evidence that decedent was doing anything but his usual work at the time of his injury.

APPEAL by plaintiff from the Full Industrial Commission. Opinion filed 5 June 1979. Heard in the Court of Appeals 24 April 1980.

Plaintiff seeks to recover worker's compensation death benefits for the death of her husband. Commissioner Vance heard the case, made findings of fact, and concluded that decedent's death resulted from an injury by accident arising out of and in the course of his employment. Defendant appealed to the Full Commission. The Commission, Chief Deputy Commissioner Shuford dissenting, set aside the award, concluding that decedent did not sustain an injury by accident arising out of and in the course of employment.

The evidence may be summarized as follows: Decedent was employed by Exxon as a traveling mechanic. On 1 December 1975 decedent was working at Jones Exxon, replacing computers in the gas pumps. In order to do this he had to crouch down and lift the computers, which weigh 50 to 60 pounds, up into the pumps. Jones had been talking to decedent as he worked, and Jones went away long enough to serve a customer at another pump. When he returned he found decedent lying on his back on the concrete, apparently unconscious, parallel to the gas pump island and about four feet away from it. Decedent was taken to the hospital where he was found to have a subarachnoid hemorrhage. Arteriograms revealed two large congenital aneurysms of the left internal carotid artery. Surgery was performed on 23 December, but on 29 December decedent hemorrhaged again from the aneurysm. His condition continued to deteriorate, and he died on 7 January.

From the Commission's denial of benefits, plaintiff appeals.

*Young, Moore, Henderson & Alvis, by B. T. Henderson II and Walter Brock, Jr., for plaintiff appellant.*

*Moore & Van Allen, by John T. Allred and Robert D. Dearborn, for defendant appellee.*

ARNOLD, Judge.

The facts found by the Commission are conclusive on appeal, G.S. 97-86, and the scope of our review is the limited determination of whether there was presented competent evidence to support the Commission's findings. *Willis v. Reidsville Drapery Plant*, 29 N.C. App. 386, 224 S.E. 2d 287 (1976). In order to recover under the Worker's Compensation Act (Chapter 97 of the General Statutes) plaintiff is required to prove that the injury which resulted in death (1) was caused by an accident, (2) arose out of the employment, and (3) was sustained in the course of the employment. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977). The Commission found that "[t]here [was] no [evidence] with respect to decedent having any bruises, lacerations, abrasions, or other physically observable indicia of a trauma or fall, nor did x-rays reveal any fractures," and that "[d]ecedent did not sustain an injury by accident arising out of and in the course of his employment." Plaintiff contends that there is no evidence to support these findings, and that in fact the evidence compels a finding that a fall caused the injury which led to decedent's death.

Dr. Adcock, a neurosurgeon, gave his expert opinion about what caused the aneurysm to rupture:

> It is my opinion that if the Commission finds as a fact Mr. King's bodily contact with the flat solid concrete surface and particularly his head's contact with the flat concrete surface and including "straining and lifting computers and all" that could have and probably did aggravate the pre-existing aneurysm to such an extent as to cause rupture or leakage and accelerate Mr. King's death.

> It is also my opinion that the squatting and crouched position in which Mr. King had to change the computers weighing 50 to 60 pounds combined with the manual labor involved in loosening the nuts and working in close quarters and then lifting, installing and taking out computers could have and probably did elevate Mr. King's blood pressure to such an extent as to cause a rupture or leak in the pre-existing congential [sic] aneurysm and lead ultimately to his death.

King v. Exxon Co.

.  .  .  .

It would pop if you had a system like the body and squatted down and strained réally hard or lifted machinery. It is very common that people rupture aneurysms already there by such as that.

Most commonly in a history of congenital aneurysm rupture occurs during the act of sexual intercourse. It is also common in people drilling overhead, pulling on heavy wrenches.

Plaintiff relies upon the first quoted paragraph, arguing that the rupture itself is evidence that a fall occurred. This is not what the doctor testified, however. It was his testimony that if a fall brought decedent's head into contact with the concrete, this probably caused the aneurysm to rupture. He also testified, however, that the strain upon decedent from the position in which he was working probably caused the rupture. In light of this testimony, and the fact that no other evidence was presented to show that a fall caused decedent's injury, we find that the evidence supports the Commission's findings. The "fall" cases cited by the plaintiff are not on point, since in none of them was there any evidence that the decedent had a pre-existing condition which without a fall could have caused his death, as is the case here. *See Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 (1963) (evidence that the cause of death was bleeding from a laceration received in a fall); *DeVine v. Dave Steel Co.*, 227 N.C. 684, 44 S.E. 2d 77 (1947) (evidence that decedent received a fatal blow when he fell and his head struck concrete); *Calhoun v. Kimbrell's, Inc.*, 6 N.C. App. 386, 170 S.E. 2d 177 (1969) (evidence that decedent was found at the foot of a flight of stairs, that he sustained a skull fracture, and that a contusion of the brain resulted in death).

In its "Comments" to its findings of fact, the Commission indicated that there was no evidence that at the time of his injury decedent "exerted unusual or extraordinary effort, stress, or strain so as to constitute an interruption of his regular work routine and thus establish a compensable injury." In spite of plaintiff's arguments to the contrary, we find that the evidence supports this finding. Plaintiff testified that decedent was employed by Exxon as a traveling mechanic and that he talked to her "lots of times about the installation of meters or computer

pumps. . . . To work on the pumps he would have to get into a cramped position. He . . . would have to stoop down and work up under a pump . . . ." There is no evidence that decedent was performing any but this usual work at the time of his injury. The Commission properly found that this evidence does not show an injury by accident. "No matter how great the injury, if it is caused by an event that involves both an employee's normal work routine and normal working conditions. it will not be considered to have been caused by accident." *Searsey v. Perry M. Alexander Const. Co.*, 35 N.C. App. 78, 80, 239 S.E. 2d 847, 849, *cert. denied* 294 N.C. 736, 244 S.E. 2d 154 (1978); *see also Ferrell v. Montgomery & Aldridge Sales Co.*, 262 N.C. 76, 136 S.E. 2d 227 (1964); *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962).

Plaintiff assigns error to the Commission's statement in its "Comments" that a particular notation in decedent's medical records was "without probative value." We find no prejudice to plaintiff from this statement, however, since the notation referred to stated only that decedent " 'collapsed while working at a gas pump at a Station, according to attendant,' " and other evidence of the same import was before the Commission.

The Commission concluded that plaintiff's Exhibit 8 was not admissible into evidence because it was hearsay, and plaintiff assigns error. Since Exhibit 8 was not included in or filed with the record on appeal, however, we have no basis for determining that the Commission erred.

The Commission's findings are supported by competent evidence, and its opinion is

Affirmed.

Judges HEDRICK and ERWIN concur.