ANGELA MARIE BRIDGES, DAUGHTER; MARGIE FOX BRIDGES, ALLEGED WIDOW; AND THE ESTATE OF ROBERT J. BRIDGES, DECEASED, EMPLOYEE, PLAINTIFFS v. McCRARY STONE SERVICES, INC. EMPLOYER AND IOWA NATIONAL MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 7910IC1160

(Filed 5 August 1980)

1. **Master and Servant § 74– workers' compensation – disfigurement – post mortem award to dependents**

    Dependents of an employee who suffers a serious bodily disfigurement due to an accident covered by the Workers' Compensation Act, but who dies due to an unrelated cause, are entitled to a *post mortem* award for serious bodily disfigurement.

2. **Master and Servant § 74– workers' compensation – award for disfigurement – no abuse of discretion**

    The Industrial Commission did not abuse its discretion in awarding a deceased employee's dependents $7500 for serious bodily disfigurement of the employee where the parties agreed to the evidence which the Commission would consider in this case; the evidence tended to show that deceased had been burned and had some scarring on his arms and chest and serious disfigurement of his face; the disfigurement was permanent; and the disfigurement would affect the employee's future earning capacity.

APPEAL by Iowa National Mutual Insurance Company, insurer, from opinion and award of the North Carolina Industrial Commission entered 8 October 1979. Heard in the Court of Appeals 19 May 1980.

The deceased employee sustained an injury by accident arising out of and in the course of his employment on 30 January 1975, wherein he sustained severe burns over several portions of his body and face. Defendants admitted liability and paid the deceased employee compensation benefits for his period of temporary total disability. Thereafter on 7 November 1977, the employee died from causes other than the accident.

On 25 May 1979, a hearing was held to determine the entitlement of the deceased employee's dependents to compensation for permanent partial disability and disfigurement. On the basis of submitted medical reports, Chief Deputy Commissioner Shuford filed an opinion and award on 19 June 1979 in which he awarded benefits pursuant to G.S. 97-31(12) on the grounds that

the deceased employee sustained a thirty-two percent permanent partial disability of the left hand and an eleven percent permanent partial disability of the right hand. Defendants do not object to that portion of the award. On the basis of photographs submitted by the plaintiffs, which showed generalized scarring of the deceased employee's arms and neck and severe scarring of the face, the hearing commissioner also entered an award for disfigurement pursuant to G.S. 97-31(21) and (22) in the amount of $7,500. This award was entered despite the employee's death. Upon appeal by defendants, the full commission affirmed the results. Iowa National Mutual Insurance Company appealed.

*Brock, Begely & Drye, by Floyd D. Brock, for plaintiff appellees.*

*Van Winkle, Buck, Wall, Starnes & Davis, by Russell P. Brannon, for defendant appellant.*

ERWIN, Judge.

Defendant makes two contentions on appeal: (1) the Industrial Commission erred in failing to give due consideration to the fact of the employee's death when determining the amount of compensation to be awarded for his disfigurement; and (2) the Commission abused its discretion in awarding the plaintiffs $7,500 as compensation for the deceased employee's disfigurement. We do not agree.

[1] The first issue presented in this case was decided by this Court in *Wilhite v. Liberty Veneer Company,* 47 N.C. App. 434, 267 S.E. 2d 566 (1980). *Wilhite* held that dependents of an employee who suffers a serious bodily disfigurement due to an accident covered by the Worker's Compensation Act, but who dies due to an unrelated cause, are entitled to a *post mortem* award for serious bodily disfigurement. Judge Clark, writing for the Court in *Wilhite,* stated:

"The introductory language of N.C. Gen. Stat. 97-31, however, does not account for the possibility that death

from another cause may cut off the healing period. The better rule, we think, is expressed by Professor Larson:

> '[I]f the injured employee dies before stabilization has taken place, the degree of impairment should not be taken as that in effect at the moment of death. The proper procedure is to make the best possible medical estimate of the probable residual disability that would have remained if the employee had lived to complete his healing period.'

2 Larson, Workmen's Compensation Law, § 58-40 at 10-258 to -259 (1976). This result, we think, is more consonant with N.C. Gen. Stat. § 97-37, which provides in relevant part:

> '*Where injured employee dies before total compensation is paid.* — When an employee receives or is entitled to compensation under this Article for an injury covered by G.S. 97-31 and *dies from any other cause* than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made: First to the surviving whole dependents . . . *in lieu of the compensation the employee would have been entitled had he lived.*' (Emphasis supplied.)

This determination, however, does not quite resolve the question before us because no claim for disfigurement was filed before decedent's death and no adjudication of such claim was made before his death. The appellees argue that N.C. Gen. Stat. § 97-37, *supra,* only applies when the 'employee *receives* or is *entitled* to compensation' under the Act and that he cannot be so entitled if no adjudication has been made prior to his death."

We do not agree with defendant's contention which suggests that the employee's death should *ipso facto* reduce benefits due pursuant to G.S. 97-31(21) and payable pursuant to G.S. 97-37.

The Commission found:

"Plaintiff was 38 years old at the time of his death and he retained disfigurement on areas of the body other than the hands, which disfigurement is depicted by photographs which were stipulated into evidence by the parties. Such photographs show some generalized scarring on plaintiff's arms, which scarring is not particularly noticeable, as well as some scarring on the front portion of plaintiff's body, particularly just below the neck. Plaintiff's face was almost completely covered with disfigurement, which gave the skin a slickish appearance, as well as a considerable amount of reddish discoloration which covered the major portion of the face. In addition, it appeared that approximately 25 percent of plaintiff's right ear was missing, and the lips, particularly the lower lip, appeared to be quite inflamed and puffy, giving the face an almost grotesque appearance. [Such disfigurement was permanent and serious and marred plaintiff's appearance to such an extent that, had he lived, such disfigurement would tend to affect his future earning capacity and would have tended to so reduce his future earning capacity. The fair and equitable amount of compensation for such disfigurement under the terms of the Workman's Compensation Act is $7,500.]"

[2] The record shows and the Commission found that the bodily disfigurement was serious and permanent and that such would affect the employee's future earning capacity as the statute requires before compensation can be awarded. *See Davis v. Construction Co.*, 247 N.C. 332, 101 S.E. 2d 40 (1957). The parties agreed to the evidence the Commission would consider in this case, and there is not any contention that such evidence was not the best possible evidence that was available or that it was inadequate in any manner. .

We do not find any abuse of discretion on the part of the Commission. The Commission made adequate findings of fact based upon competent evidence. This Court's duty in this compensation case goes no further than to determine whether the record contains any evidence tending to support the findings. *Inscoe v. Industries, Inc.*, 292 N.C. 210, 232 S.E. 2d 449 (1977). *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968). We hold that there was sufficient, competent evidence before

Mitchell v. Insurance Co.

the Commission to support its findings of fact and that the findings of fact of the Commission justify its legal conclusions. *Inscoe v. Industries, Inc., supra; Willis v. Reidsville Drapery Plant,* 29 N.C. App. 386, 224 S.E. 2d 287 (1976). We find the opinion and award of the Commission to be proper in all respects. The record completely fails to show any abuse of discretion on the part of the Commission.

Judgment affirmed.

Chief Judge MORRIS and Judge CLARK concur.