The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott M. Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. Plaintiff's average weekly wage was $312.48.
4. Defendant is self-insured.
5. Five pages of medical records concerning plaintiff, consisting of medical records from Dr. W. Jason McDaniel, Jr., and Wake Medical Center are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was born 24 June 1946, and at the time of the initial hearing was a 47 year-old man.
2. Plaintiff now works for defendant in sanitation labor, a job which he has held for approximately five and a half years.
3. Plaintiff's duties with defendant include collecting tubs of garbage from behind residential houses. As a part of plaintiff's normal job duties, plaintiff walks from a truck to behind a house and then lifts and carries a tub filled with garbage to the truck. Plaintiff carries the tub either across his back or across the top of his shoulder.
4. In addition, as a part of his normal job duties, plaintiff empties the tub in the truck and then carries the tub back. Plaintiff works for defendant five days a week, from 7:00 a.m. to 3:00 p.m. During the course of plaintiff's employment with defendant, plaintiff has picked up thousands of tubs of garbage.
5. On 24 August 1993, while engaged in his normal work routine, plaintiff lifted a tub of garbage to put it on his shoulder and felt a sharp pain in his left shoulder. As a result, plaintiff sustained a type (I) injury to the acromioclavicular joint and now is developing degenerative arthritis. As a result, plaintiff will need a distal clavicular resection.
6. Plaintiff's injury, however, resulted from plaintiff performing his normal job in the usual manner without any interruption in his normal work routine
7. On 24 August 1993, plaintiff immediately reported his injury to his supervisor.
8. As a result of his injury, plaintiff has been seen and examined by the emergency room at Wake Medical Center and by Dr. W. Jason McDaniel, Jr., of the Raleigh Orthopedic Clinic.
9. To Date, in order to support himself and his family, plaintiff has missed no time from his work as a result of his injury, although plaintiff is still being treated by Dr. McDaniel for his injury.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. No matter how great the injury, if it is caused by an event which involves both an employee's normal work routine and normal working conditions it will not be considered to have been caused by an accident. King v. Exxon Company, 46 N.C. App. 750266 S.E.2d 37 (1980).
2. If an employee is performing his regular duties in the usual and customary manner and is injured, there is no "accident" and the injury is not compensable. Porter v. Shelby Knit, Inc.,46 N.C. App. 22, 264 S.E.2d 360 (1980).
3. Plaintiff's injury was not the result of an accident, and is not, therefore, compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be and the same is hereby denied.
2. Each side shall bear its own costs.
 S/ _______________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________________ COY M. VANCE COMMISSIONER