The undersigned have reviewed the prior Opinion and Award, the record of the proceedings before Deputy Commissioner Scott M. Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, to receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Kemper Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $628.00.
5. The date of plaintiff's alleged injury was 18 February 1993.
6. The medical records concerning plaintiff from Dr. Walha are stipulated into evidence.
7. The medical records concerning plaintiff from Dr. Dough are stipulated into evidence.
8. The medical records concerning plaintiff from Randolph Hospital, Inc., are stipulated into evidence.
9. The parties stipulate that, if compensable, plaintiff's dates of temporary total disability are from 22 February 1993 through 14 July 1993.
10. The parties stipulate that, if compensable, plaintiff's amount of permanent partial disability was ten percent of his left arm.
11. Plaintiff returned to work on 15 July 1993.
12. If compensable, defendants are entitled to a credit in the total amount of $4,834.29.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was born 27 August 1934. For approximately thirty-seven years, plaintiff has worked as a route salesman, selling bread and cakes.
2. Approximately two to three months before 18 February 1993, the trays which plaintiff had used to transport goods were changed to smaller trays. Prior to 18 February 1993, plaintiff had been using the new trays on a daily basis for approximately three weeks.
3. On 18 February 1993, while engaged in his normal work routine, plaintiff was driving a truck in which he was carrying vending cakes. The cakes were stacked about four feet high. When plaintiff was pulling the cakes off the truck, plaintiff pulled the cakes off with his right hand, with his left hand on top. Plaintiff then pulled the cakes onto the bumper of the truck and then onto the rack for transportation into the store.
4. On 18 February 1993, when plaintiff pulled off the third stack of cakes, plaintiff felt something pull in his shoulder. As a result, plaintiff sustained a torn rotator cuff of the left shoulder with subacromial impingement.
5. Plaintiff's torn rotator cuff of the left shoulder with subacromial impingement resulted from plaintiff doing his regular job in the usual manner without any interruption in his normal work routine.
6. As a result of this incident on 18 February 1993, plaintiff was temporarily totally disabled from 22 February 1993 through 14 July 1993. Plaintiff returned to work on 15 July 1993.
7. As a result of this incident on 18 February 1993, plaintiff sustained a ten percent permanent partial disability of his left arm.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. No matter how great the injury, if it is caused by an event which involves both an employee's normal work routine and normal working conditions, it will not be considered to have been caused by an accident. King v. ExxonCompany, 46 N.C. App. 750, 266 S.E.2d 37 (1980).
2. If an employee is performing his regular duties in the usual and customary manner and is injured, there is no "accident" and the injury is not compensable. Porter v. Shelby Knit, Inc.,46 N.C. App. 22, 264 S.E.2d 360 (1980).
3. Plaintiff's injury was not the result of an accident, and is not, therefore, compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2 (6).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _______________________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
CONCURRING:
S/ _______________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________________ J. RANDOLPH WARD COMMISSIONER
MSC:dtc