Based upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS IN PART and MODIFIES IN PART the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement presented at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between the decedent and defendant-employer.
3. Defendant-employer was insured by Employers Mutual Casualty Company.
4. The decedents compensation rate was $253.33 per week.
5. The decedent sustained a compensable injury on 29 August 1987, and defendant-carrier paid disability compensation from 29 August 1987 through 18 June 1994.
6. The decedent died on 15 June 1994.
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts in part and modifies in part the findings of fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 29 August 1987, employee Daniel Binkley (the decedent), sustained a compensable injury when a vehicle he was preparing to tow jumped into gear, pinning him against a telephone pole. As a result of the accident, the decedent injured his head, left arm and leg, and suffered a stroke that left his left arm and leg paralyzed.
2. Defendants admitted liability through the filing of an I.C. Form 21 agreement and paid disability benefits in the amount of $253.33 per week for 355 weeks from 29 August 1987 through 18 June 1994, the decedent having died on 15 June 1994, from causes unrelated to his injury. Defendants also advanced benefits to the decedent in the amount of $6,958.82. A total of $3,375.00 was repaid prior to the decedents death, leaving a total of $3,583.82 owed to defendants.
3. Defendants paid the decedents medical expenses in the amount of $515,668.23.
4. Defendants paid for rehabilitation services in the amount of $21,850.15.
5. Following his injury, the decedent was treated by Ronald Demas, M.D. for neurological conditions related to his stroke. Dr. Demas noted that the decedents left arm was "nonfunctional and that the decedents left leg could not support him.
6. From 28 February 1989 through 30 March 1990, the decedent was treated at Carolina Community Re-entry Program for his head injury to assist him in becoming self-sufficient in his daily care.
7. From 12 September 1991 through 1 June 1994, the decedent received neuropsychological services from William A. Sutton, Ph.D. who noted that it was clear the decedent would not return to work, and that the treatment was to help him function at home.
8. From 10 September 1992 to 29 January 1993, the decedent was treated by W. Alan Ward, M.D. to release the flexion contractors of his left wrist, left hand and P-joint to decrease the risk of infection, but not to restore functional use.
9. On 15 June 1994, the decedent died from causes unrelated to his industrial accident.
10. As a result of the 29 August 1987 injury, the decedents left arm and left leg were totally paralyzed, and he was unable to return to work for the defendant-employer or any other employer.
11. As a result of the 29 August 1987 injury, the decedent lost five permanent teeth, constituting the loss of an important part of the body.
12. As a result of his total loss of use of his left arm and leg, the decedent was deemed to be permanently and totally disabled under the provisions of N.C. Gen. Stat. 97-31 and he was entitled to the scheduled benefits under N.C. Gen. Stat. 97-31, if this section provides the more favorable remedy.
13. At the time of the decedents death, he had not received all of the scheduled benefits due under N.C. Gen. Stat. 97-31 for all of his permanent injuries. The decedent had a vested right to the benefits payable under N.C. Gen. Stat. 97-31 for the total loss of use of his leg and arm and to any other compensation payable under N.C. Gen. Stat. 97-31 for permanent injuries received as a result of his injury by accident. N.C. Gen. Stat. 97-31 is the more favorable remedy for the decedent and his dependent.
14. The decedent received weekly workers compensation benefits for 355 weeks from the date of injury through the date of death. Since the decedent died from causes unrelated to his injury, his dependent is entitled to the remainder of the compensation he would have received under N.C. Gen. Stat. 97-31.
15. The decedent was entitled to scheduled benefits under N.C. Gen. Stat. 97-31 at the rate of $253.33 per week for 240 weeks for the total loss of use of his arm and for 200 weeks for the total loss of use of his leg. There is insufficient evidence from which to determine if the decedent sustained any other compensable permanent injuries under N.C. Gen. Stat. 97-31.
16. Defendants are entitled to a credit for the 355 weeks of permanent disability paid the decedent prior to his death and for benefits advanced to the decedent.
17. Since the decedent was deemed to be permanently and totally disabled from the time of injury, none of the compensation paid to him could be classified as payment of temporary total disability during the healing period.
18. At the time of his death, the decedent was divorced and lived alone, but had one dependent, Daniel L. Binkley, Jr., a minor, who was dependent upon decedent for support.
 ***********
Based on the foregoing findings of fact and stipulations, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. As a result of the injuries sustained in an admittedly compensable accident on 29 August 1987, Daniel Binkley (the decedent) was permanently and totally disabled for the remainder of his life. N.C. Gen. Stat. 97-2(6).
2. Defendants made payments of weekly workers compensation benefits to the decedent from 29 August 1987 through 18 June 1994. The decedent died on 15 June 1994, due to causes unrelated to his work-related injury.
3. The decedent had a vested right to the minimum benefits payable under N.C. Gen. Stat. 97-31 for his permanent injuries. N.C. Gen. Stat. 97-31 provides the more favorable remedy to the decedent and his dependent. Therefore, the decedent had a vested right to receive compensation for 440 weeks for the total loss of use of his left arm and left leg and also for compensation for any other permanent injuries or damage to body parts under N.C. Gen. Stat.97-31. N.C. Gen. Stat. 97-31, 37; Wilhite v. Liberty Veneer Co.,47 N.C. App. 434, 267 S.E.2d 566 (1981).
4. As a result of his injury, the decedent lost five permanent teeth, constituting a loss or permanent injury to an important part of the body as defined by N.C. Gen. Stat. 97-31(24). The North Carolina Ratings Guide for Physicians and Hospitals provides for compensation in the amount of $350.00 per lost tooth for those so injured over the age of 30. Accordingly, the decedent is entitled to $1,750.00 in compensation for the lost teeth. Further, because the decedent died from reasons unrelated to his injuries prior to receiving these benefits, his sole dependent is entitled to payment of the unpaid balance. N.C. Gen. Stat. 97-37.
5. Defendants are entitled to a credit for the 355 weeks of permanent disability compensation already paid to decedent. N.C. Gen. Stat. 97-42.
6. To the extent that the decedent received an advance from defendants and failed to repay defendants, defendants are owed a credit for payments advanced but not repaid. Gupton v. BuildersTrans., 320 N.C. 38, 357 S.E.2d 674 (1987).
7. Daniel Lee Binkley, Jr. is the sole dependent of the decedent.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants owe additional compensation to the decedents sole dependent at the rate of $253.33 per week for 85 weeks minus $3,583.82 that was advanced to the decedent but not repaid to defendants. Such amount, minus attorneys fees in accordance with paragraph 4 below, shall be paid to the mother as the natural guardian of the minor, Daniel L. Binkley, Jr., for the use, benefit and support of the minor child. All compensation has accrued and shall be paid in a lump sum.
2. Defendants shall pay in a lump sum the amount of $1,750.00 in compensation for five permanent teeth lost by the decedent as a result of his compensable injury. Such amount, minus attorneys fees in accordance with paragraph 4 below, shall be paid to the mother as the natural guardian of the minor, Daniel L. Binkley, Jr., for the use, benefit and support of the minor child.
3. Defendants shall pay all medical expenses incurred by the decedent as a result of his compensable injury to the extent that such bills are approved by the Industrial Commission.
4. A reasonable attorneys fee of 25% of the compensation due under paragraphs 1 and 2 is approved. This amount shall be deducted from the compensation awarded herein and paid directly to plaintiffs counsel.
4. Defendants are entitled to a credit against any amount due plaintiff for the 355 weeks of compensation paid to the decedent prior to his death and for the balance due of $3,583.82 on the advances made to decedent.
5. Defendants shall pay costs.
This the ___ day of July, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/______________ RENE C. RIGGSBEE COMMISSIONER