VAUGHN MOURADIAN'S CASE. May 3, 1962. Final decree affirmed subject to amendment in respect of interest. The findings of the single member on adequate evidence, adopted by the reviewing board, established that the employee after his injury was incapable of doing his former heavy work and did do lighter work as a route salesman; also that in connection with his new job he had to pay $30 a week out of his own pocket to operate his automobile. The decision deducted this sum from gross weekly earnings in determining the post-injury net earnings in the computation of partial disability compensation. This was right. *New Amsterdam Cas. Co.* v. *Stens,* 288 Mass. 302, 303. *Powers's Case,* 275 Mass. 515. That the employee answered affirmatively the question, "Would this be in the nature of a promotion for you?" did not require the finding that the new work and lesser pay were not caused by the injury. We have checked the computations of the decision and do not find error or material confusion therein as claimed by the insurer. The employee may have leave (as he has requested) to move in the Superior Court to amend the decree to include interest under G. L. c. 152, § 50. Costs and reasonable expenses under G. L. c. 152, § 11A, shall be allowed by the single justice.

*Robert L. Athas* for the insurer.

*Ralph Arnoldy* for the employee.