JAMES FRANKLIN YORK, EMPLOYEE-PLAINTIFF v. UNIONVILLE VOLUNTEER FIRE DEPARTMENT, EMPLOYER-DEFENDANT, AND LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER-DEFENDANT

No. 8110IC682

(Filed 3 August 1982)

Master and Servant § 71.1— workers' compensation—computation of average weekly wage—deductions from farm income

In determining the average weekly wage for workers' compensation purposes of a full-time farmer who lost a leg while on duty as a volunteer fireman, the plaintiff's farm income could not properly be calculated without deducting from gross income interest on money which was borrowed to finance crop production, depreciation on equipment used to produce the crops, license fees for things used in crop production, and taxes on land used to produce crops. G.S. 97-31 and G.S. 97-2(5).

APPEAL by defendants from order of North Carolina Industrial Commission entered 22 January 1981. Heard in the Court of Appeals 4 March 1982.

This appeal involves the proper amount of workers' compensation to be paid a volunteer fireman. The plaintiff, a full-time farmer, lost his leg in 1978 while on duty as a volunteer fireman for the Unionville Volunteer Fire Department. In determining the average weekly wages of the plaintiff, the Deputy Commissioner considered his 1977 income tax return. He did not consider income tax returns for other years, and he did not consider evidence of what the plaintiff would have had to pay someone else to do his job. The tax return showed the plaintiff had a gross income from farm operations in 1977 of $21,581.64. The Deputy Commissioner ruled that interest, land taxes, license tags, depreciation and tax service were "relatively fixed overhead" expenses of the farm business and not "direct out-of-pocket expenses." He did not deduct these items from gross income in determining net income. The Deputy Commissioner after making some deductions from gross income found the plaintiff had a net income of $10,348.84 from his farm operations in 1977. He held

that the plaintiff had an average weekly wage of $198.47 in 1977. He awarded the plaintiff $132.32 in compensation.

The Full Commission affirmed the opinion and award of the Deputy Commissioner and the defendants appealed.

*Jerry M. Trammell for plaintiff appellee.*

*Hedrick, Feerick, Eatman, Gardner and Kincheloe, by Hatcher Kincheloe, for defendant appellants.*

WEBB, Judge.

The only question brought forward in this appeal is the correctness of the determination of the plaintiff's earnings in setting his compensation. We are guided by the following statutes which provide in pertinent part:

"§ 97-31. Schedule of injuries; rate and period of compensation. — In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and shall be in lieu of all other compensation, including disfigurement, to wit:

\* \* \*

(15) For the loss of a leg, sixty-six and two-thirds percent (66 2/3%) of the average weekly wages during 200 weeks."

"§ 97-2(5) Average Weekly Wages. — 'Average weekly wages' shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury . . . divided by 52 . . . .

But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

\* \* \*

York v. Unionville Volunteer Fire Dept.

In case of disabling injury or death to a volunteer fireman . . . under compensable circumstances, compensation payable shall be calculated upon the average weekly wage the volunteer fireman . . . was earning in the employment wherein he principally earned his livelihood as of the date of injury."

We believe the legislative intent from these statutes as applied to this case is that the plaintiff who was injured as a volunteer fireman should be compensated based on what he would have earned from his labor as a farmer had he not been injured. The Hearing Commissioner attempted to determine what he would have earned by calculating his previous year's net income as a farmer. In doing so he made certain deductions from gross income and did not make others. We do not believe the plaintiff's farm income can be properly calculated without deducting from gross income interest on money which was borrowed to finance crop production, depreciation on equipment used to produce the crops, license fees for things used in crop production, and taxes on land used to produce crops. We hold it was error for the Hearing Commissioner not to make these deductions in calculating farm income.

We reverse the award of the Full Commission and remand for further consideration. The Commission may take further evidence if it deems it appropriate. In reaching its decision, we believe the Full Commission should keep in mind that the plaintiff is entitled to compensation based on what he would have earned from his labor had he not been injured. It is difficult to determine what compensation the plaintiff received from his work on the farm since he owned and operated the farm business, thus the profit or loss of the business may not necessarily reflect the value of the plaintiff's services to it. The plaintiff could have made a substantial contribution to the farm operation although the farm might not show a profit. Since the plaintiff owned the farm, the compensation to him for his own labor in working on the farm might be substantial although not reflected in farm profits. It is difficult to determine what the plaintiff would have earned had he not been injured, but this is the job of the Industrial Commission. We believe it should do so with the factors in mind we have just discussed. The Commission might want to consider what the plaintiff would have had to pay someone else to perform his work

or the tax returns of other years in reaching its decision. We do not necessarily believe the result reached in this case is unfair, but we do not believe the calculation of farm income was properly made.

For cases from other jurisdictions dealing with this problem, see *Pettis v. Industrial Commission*, 91 Ariz. 298, 372 P. 2d 72 (1962); *Buhner v. Bowman*, 81 Ind. App. 395, 143 N.E. 366 (1924); *In re Mouradian's Case*, 344 Mass. 753, 182 N.E. 2d 492 (1962); and *Moore v. Fleischman Yeast Company*, 268 Mich. 668, 256 N.W. 589 (1934).

Reversed and remanded.

Judges CLARK and ARNOLD concur.