JOHNNY R. TYSON v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY

No. 833DC1207

(Filed 2 October 1984)

**Master and Servant § 8.1; Taxation § 28.5— per diem allowance—additional income tax assessed—employer not negligent**

> Where the undisputed facts showed that defendant paid plaintiff a standard per diem allowance for business expenses incurred at his many job locations as an unlocated equipment installer, he was never reimbursed by his employer for actual expenses, and following an audit by the IRS he was required to pay additional taxes because his per diem payments for 1979 and 1980 exceeded his legitimate business expenses, plaintiff could not make out a case of negligence against defendant, since his evidence failed to set forth any specific facts that defendant breached any legal duty which proximately caused plaintiff's injury, even if defendant employer did fail to establish and maintain an adequate accounting procedure to make sure that amounts paid out covered but did not exceed ordinary and necessary expenses.

APPEAL by plaintiff from *Wheeler, Judge*. Judgment entered on 6 September 1983 in District Court, PITT County. Heard in the Court of Appeals on 31 August 1984.

*James Leon Bullock for plaintiff appellant.*

*Carolina Telephone and Telegraph Company by Vice President-General Counsel and Secretary Dwight W. Allen for defendant appellee.*

BRASWELL, Judge.

Upon being required to pay additional income taxes for the years 1979 and 1980 following an audit by the Internal Revenue Service, plaintiff, an "unlocated equipment installer" employee of the defendant corporation, filed this action alleging that his additional income tax liability resulted solely from the negligence of the defendant. The trial court granted summary judgment for the defendant. Plaintiff appeals. We affirm.

After a reading of the complaint and a study of the affidavits and depositions, we hold that the defendant has carried its burden of establishing the lack of any triable issue of fact. From a forecast of all the evidence it shows that the plaintiff cannot make out a case of negligence against the defendant. The plain-

tiff's evidence fails to set forth any specific facts that the defendant breached any legal duty which proximately caused the plaintiff's injury. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, *pet. for rehearing denied*, 281 N.C. 516 (1972); *Best v. Perry*, 41 N.C. App. 107, 254 S.E. 2d 281 (1979).

The undisputed facts show that defendant paid the plaintiff a standard per diem allowance for business expenses incurred at his many job locations as an unlocated equipment installer. He was never reimbursed by his employer for actual expenses. Following an audit by the I.R.S., the plaintiff was required to pay additional taxes because his per diem payments for 1979 and 1980 exceeded his legitimate business expenses.

The crux of the plaintiff's negligence action is that the defendant "had a duty to properly and non-negligently determine what would be defined as an adequate accounting to the employer, . . . to prudently and non-negligently inform the employee of what an adequate accounting would be and to provide the necessary forms." The plaintiff alleges that but for the defendant's breach of this duty he would not have been audited, forced to separately substantiate each expense account item, and required to pay additional taxes. According to the tax regulations, reimbursements and allowances received by an employee for expenses he pays or incurs for travel in connection with his employment must be reported as income unless the employee:

(1) is required to and does make an accounting for his travel and entertainment expenses to his employer;

(2) does not deduct travel and entertainment expenses on his return; and

(3) the sum of these expenses equals or exceeds the total amount of allowances and reimbursements.

34 Am. Jur. 2d, *Federal Taxation* Sec. 6923 (1984). However, under the per diem allowance rule, it is unnecessary for an employee to account separately to the I.R.S. or to his employer for travel subsistence, as long as the total travel allowance received does not exceed the traveling expenses paid or incurred by the employee, then the excess must be reported as income. *See generally* Reg. Sec. 1.274-5(f). The employee is considered to have satisfied the adequate accounting requirements if (1) his employer

reasonably limits payments to those subsistence expenses which are ordinary and necessary, and (2) the elements of time, place, and business purpose of travel are substantiated. Rev. Ruling 80-62, 1980-1 C.B. 63. *See also* Rev. Ruling 80-203, 1980-2 C.B. 101. Subsistence includes among other things reasonable travel expenses for meals and lodging. 34 Am. Jur. 2d *supra* at Sec. 6929. Nevertheless, the I.R.S. may determine that the accounting procedures used by an employer for the reporting and substantiation of employee's expenses are not adequate. Rev. Ruling 60-120, 1960-1 C.B. 83. For instance, the employer may have failed to exercise control over amounts paid out to make sure only ordinary and necessary expenses are incurred. 34 Am. Jur. 2d *supra* at 6934. To the extent that the employer fails to maintain adequate accounting procedures he thereby obligates his employees to separately substantiate their expense account information. Reg. Sec. 1.274-5(e)(5)(iii).

The I.R.S. determined that the defendant's accounting procedure was not adequate which appears reasonable in light of the plaintiff's admission in his deposition that he received per diem payments for days on which he commuted to his work location without staying overnight. However, we cannot accept the plaintiff's contention that the defendant's inadequate accounting constituted a breach of a legal duty to him. The employer's duty to establish and maintain an adequate accounting procedure under the tax regulations is owed to the I.R.S. Although the employee may be spared the inconvenience of making his own accounting to the I.R.S. when the employer's accounting procedures are adequate, we do not agree that a legal duty on the part of the employer to the employee has been created. Also, the regulations are clear that in the event the procedures are deemed inadequate then the employee must separately substantiate his expense account information. At most, the plaintiff and the defendant have similar duties of accounting to the I.R.S. The plaintiff has not established any further duty by the employer to the employee. The fact that the plaintiff was unable to substantiate his expenses because he had destroyed all of his records due to his belief that he would not be called upon to make an accounting was simply due to his own poor business judgment.

Because under the circumstances of this case the plaintiff has not brought forth evidence of the existence of a legal duty by the

defendant, we hold that no genuine issue of material fact remains for trial. The judgment of the trial court is affirmed.

Affirmed.

Judges HILL and BECTON concur.