AMY OLIVE CHRISTIAN, ALLEGED DEPENDENT OF JOHN C. CHRISTIAN, DECEASED, EMPLOYEE-PLAINTIFF V. RIDDLE & MENDENHALL LOGGING, EMPLOYER, SELF INSURED, AEGIS ADMINISTRATIVE SERVICES, INC. (FORMERLY ALEXSIS, INC.), SERVICING AGENT, DEFENDANTS

No. 9410IC117

(Filed 6 December 1994)

**Workers' Compensation § 263 (NCI4th)— average weekly wage difficult to determine—depreciation on equipment treated improperly—possible alternatives for determining income**

In determining the average weekly wage of a hauler of logs and pulpwood, it was proper to deduct certain business expenses from his income received from defendant; however, the Industrial Commission was required to consider a reasonable rate of depreciation on the employee's equipment as a business expense in determining his earnings. To determine the employee's actual compensation, the Commission might consider what he would have been required to pay someone else to perform his work, or his income as reported on the returns from earlier years showing his own income derived from similar work.

**Am Jur 2d, Workers' Compensation §§ 418-430.**

Appeal by defendants from the Opinion and Award entered 28 October 1993 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 October 1994.

*J. Douglas Moretz and Beverly D. Basden for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis and Timothy S. Riordan, for defendant-appellants.*

MARTIN, Judge.

This case comes to us with the following factual and procedural background: Defendant Riddle and Mendenhall Logging (R&M) is a self-insured employer engaged in cutting and hauling timber. R&M contracted with the decedent, John Christian, to haul logs and pulpwood for a fixed amount per ton. On 1 February 1989, Christian was killed as a result of an accident which occurred in the course of his work as a subcontractor for R&M. Plaintiff, Amy Olive Christian, is Christian's only child and was wholly dependent upon him for support. Because R&M had not complied with the provisions of G.S.

CHRISTIAN v. RIDDLE & MENDENHALL LOGGING

[117 N.C. App. 261 (1994)]

§ 97-93, the deputy commissioner found and concluded, pursuant to G.S. § 97-19, that R&M was liable for the payment of compensation for Christian's death.

To establish Christian's average weekly wage for workers' compensation purposes, plaintiff introduced Christian's 1988 income tax return, which represented his earnings for 12 of the 13 months prior to his death. Charles Jeffreys, the accountant who prepared the 1988 tax return for Christian's estate, testified that the earnings as reflected on the tax return would essentially amount to the same earnings Christian received for the 52 weeks prior to his death. According to Jeffreys, a Form 1099 showed that R&M paid Christian $85,445.00 in 1988 and that he was not paid by any other employer. Jeffreys further testified that Christian reported $3,839.00 in net taxable income on his 1988 tax return, which was calculated by taking the following business expense deductions from his gross income of $85,445.00:

| 1. | $35,037.00 | repairs |
| 2. | $    678.00 | business taxes |
| 3. | $    977.00 | utilities & telephone expenses |
| 4. | $  6,587.00 | insurance |
| 5. | $  4,352.00 | interest |
| 6. | $14,027.00 | fuel |
| 7. | $  1,916.00 | licenses |
| 8. | $17,996.00 | equipment depreciation |

The deputy commissioner calculated that Christian's average weekly wage was $73.83 by dividing Christian's net taxable income of $3,839.00 by 52 weeks, and awarded plaintiff compensation at a rate of $49.22 per week for 400 weeks.

Plaintiff appealed to the Full Commission from only that portion of the deputy commissioner's award relating to Christian's average weekly wage. The Full Commission found and concluded that Christian's " 'total discretionary income' or 'total cash flow' as identified by his accountant is the best evidence of his actual earnings, and that . . . a calculation based upon the net income and depreciation deduction figures appearing in the decedent's tax return 'will most nearly approximate the amount which the injured employee would be earning were it not for the injury'. G.S. §97-2(5)." Thus, the Full Commission determined that Christian's income in 1988 was $21,835.00, which was his net income plus the amount allocated to equipment depreciation on the 1988 tax return, yielding an average weekly wage of $419.90. The Full Commission modified the deputy commissioner's

**CHRISTIAN v. RIDDLE & MENDENHALL LOGGING**

[117 N.C. App. 261 (1994)]

award to provide for compensation to plaintiff at the rate of $279.93 per week for 400 weeks. Defendants appealed.

---

G.S. § 97-38 provides that death benefits shall be based on the decedent's "average weekly wages" at the time of the accident. G.S. § 97-2(5) sets forth the methods of determining "average weekly wages" for workers' compensation purposes. The statute provides, as one method of determining "average weekly wages", that the earnings of the injured employee during the 52 weeks immediately preceding the date of injury be divided by 52. Where it is impractical to use this method because the employee has been employed for an insufficient period of time prior to the injury, or because of the casual nature of the employment, the statute provides that such wages may be determined by giving regard to the average weekly amount that "was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community." N.C. Gen. Stat. § 97-2(5). However, the statute further provides that if "for exceptional reasons the foregoing [methods are] unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured [or deceased] employee would be earning were it not for the injury." *Id.* In the present case, the Commission proceeded under the latter section of the statute by determing the decedent's total earnings less his business expenses, but declining to deduct equipment depreciation. The Commission reasoned that the equipment had a longer business life than the accelerated depreciation period used by decedent for tax purposes.

In *Baldwin v. Piedmont Woodyards, Inc.*, 58 N.C. App. 602, 293 S.E.2d 814 (1982), we considered a similar question. In *Baldwin*, decedent Willie Baldwin was employed by the defendant Piedmont Woodyards (Piedmont) and was killed in an accident arising out of and in the course of his employment. He did not receive a weekly salary or wages, but was paid a certain amount for each cord of pulpwood delivered to Piedmont. He owned a truck and other equipment which he used in his business. The deputy commissioner found that the entire amount paid to Baldwin by Piedmont the year before his death would be the measure upon which his average weekly wages would be calculated to ascertain the compensation award to be paid to the plaintiff, Baldwin's widow. However, the deputy commissioner did not deduct from the sum paid to Baldwin any of the expenses he incurred in producing the pulpwood. On appeal by Piedmont and its insurance carrier, the Full Commission modified the deputy commis-

sioner's award. Although it agreed with the deputy commissioner that the money paid to Baldwin was the appropriate sum from which to compute his average weekly wage, the Full Commission deducted from that amount insurance and license plates for his truck; gas and oil for his truck; repairs to his equipment and the purchase price of supplies. However, the Full Commission did not deduct depreciation on Baldwin's truck and loader, nor did it deduct interest charges on his business debts or the purchase price of a saw.

This Court reversed, emphasizing that, considering the method the Full Commission used to determine the income Baldwin received from Piedmont, it was proper to deduct certain business expenses from that sum to calculate his average weekly wage, but the Commission also should have treated the depreciation on Baldwin's equipment, the interest incurred on his business debts and the purchase price of the saw as business expenses to be deducted from the amount he was paid. We remanded the case for further consideration, pointing out that "if the Commission [did] not feel the method it first used produce[d] a result fair to the employer and employee, it [could] use an alternate method in determining compensation." *Id.* at 604, 293 S.E.2d at 816. We suggested to the Commission, however, that actual depreciation and interest might differ from that reflected on a tax return or profit and loss statement and that, as an alternative method of determining "average weekly wages" it might consider "what it would have cost the decedent to hire someone to have done his job." *Id. See also, York v. Unionville Volunteer Fire Dept.*, 58 N.C. App. 591, 293 S.E.2d 812 (1982). (This Court reversed and remanded an award of the Full Commission, wherein the Commission, in calculating plaintiff farmer's income, did not deduct, *inter alia*, depreciation on equipment used to produce the crops; the Court further noted that because plaintiff owned and operated his own farm, it would be difficult to determine his income and the profit and loss statement might not reflect plaintiff's contribution to his business; the Court recommended to the Commission to consider "what the plaintiff would have to pay someone else to perform his work or the tax returns of other years in reaching its decision.")

In the present case, due to the unique nature of Christian's employment, it is difficult to make a precise calculation of his income, and the Commission was therefore justified in resorting to an alternative method of determining his average weekly wage as provided by G.S. § 97-2(5). In doing so, however, the statute requires fairness to both employee and employer. *Joyner v. Oil Co.*, 266 N.C.

519, 146 S.E.2d 447 (1966). Clearly, Christian had disposable earnings greater than the amount calculated by the deputy commissioner; just as clearly, he experienced expenses for depreciation, wear and tear to his business equipment which impacted on, and reduced, his net earnings, though perhaps not at the accelerated rate utilized on his tax returns. Our decision in *Baldwin, supra,* and fairness to the employer require that the Commission consider a reasonable rate of depreciation on the equipment as a business expense in determining Christian's earnings. Alternatively, as we suggested in *Baldwin,* the Commission might consider what Christian would have been required to pay someone else to perform his work, or his income as reported on tax returns from earlier years showing his own income derived from similar work.

Thus, we reverse the opinion and award of the Full Commission and remand this case to the Full Commission for further consideration of Christian's average weekly wage in accordance with the principles discussed above.

Reversed and remanded.

Judges JOHNSON and THOMPSON concur.