**CRAFT v. BILL CLARK CONSTRUCTION CO.**

[123 N.C. App. 777 (1996)]

———————

BILLY P. CRAFT, Employee, Plaintiff v. BILL CLARK CONSTRUCTION COMPANY, Employer, SELECTIVE INSURANCE COMPANY, Carrier, Defendants

No. COA95-1184

(Filed 17 September 1996)

1. **Workers' Compensation § 261 (NCI4th)— calculation of compensation—wages for less than 52 weeks before injury**

The Industrial Commission did not err in determining compensation in a workers' compensation action by using plaintiff's 1994 wages to the time of injury divided by the number of weeks worked where plaintiff worked as needed and was paid by the job, he was injured on 22 March 1994, and the Commission determined that it was not fair to calculate plaintiff's average weekly wages by dividing the wages received from March 1993 to March 1994 by the number of weeks worked. Although that determination must be supported by evidence in the record to be binding on appeal, it is deemed supported here because there was no assignment of error to the issue and appellate review is precluded. The Commission was therefore free to use an alternate method for measuring plaintiff's average weekly wages and the wages earned in the last two and one-half months prior to the injury are a reasonable appoximation of the wages which the employee would be earning if not for the injury. N.C.G.S. § 97-2(5).

**Am Jur 2d, Workers' Compensation §§ 418-430.**

**2. Workers' Compensation § 263 (NCI4th)— calculation of compensation—expenses not deducted from wages—no evidence—determination of unfairness**

The Industrial Commission did not err in a workers' compensation action in its computation of plaintiff's average wages in not deducting expenses incurred in earning those wages where there was no evidence that plaintiff sustained any expenses in the time period used to compute the average weekly wages. Even if such expenses had been incurred, the Commission is not required to deduct those expenses if it does not believe that this method produces a result fair to the employer and employee and the Commission here specifically stated that it believed it would be unjust and unfair to treat plaintiff as a subcontractor. This language indicates that the Commission did not consider it fair to deduct expenses and, because the record can support that determination, it is binding on appeal.

**Am Jur 2d, Workers' Compensation §§ 418-430.**

Appeal by defendants from Opinion and Award for the Full Commission filed 19 June 1995. Heard in the Court of Appeals 21 August 1996.

*Hugh D. Cox for plaintiff-appellee.*

*Young Moore & Henderson, P.A., by Joe E. Austin, Jr., for defendant-appellants.*

GREENE, Judge.

Bill Clark Construction Company (employer) and Selective Insurance Company (collectively defendants) appeal the Opinion and Award for the North Carolina Industrial Commission (Commission) requiring that defendants compensate Billy Craft (plaintiff) at a rate of $189.00 per week.

At the hearing to resolve plaintiff's average weekly wage, evidence was presented showing that plaintiff worked for employer when the employer needed jobs done and not on a full-time basis. Plaintiff was paid by the job according to the work he was doing at a particular time. In performing the work in 1993, which was done in March, May, November and December, he was paid $15,614 and incurred expenses related to the job performance in the amount of $8,234, plus $1,267 in depreciation expense. In 1994, the plaintiff was

CRAFT v. BILL CLARK CONSTRUCTION CO.

[123 N.C. App. 777 (1996)]

paid $3,230 by employer for work performed from 1 January through the date of his injury on 22 March. There was no evidence of the expenses incurred, if any, by the plaintiff during 1994.

The Deputy Commissioner used plaintiff's income from 1993 and deducted plaintiff's expenses incurred in that year to arrive at a net income of $6,113, which amounted to an average weekly income of $117.56. The Deputy Commissioner did not use plaintiff's earnings from 1994 because "[t]here is no evidence of . . . expenses" for that period of time.

On appeal, the Commission calculated the average weekly income, using only the wages received in 1994 and dividing that sum by the number of weeks worked in 1994. It concluded this method to be "fair and just to both parties." The Commission refused to deduct the plaintiff's expenses incurred in the earning of that income, finding that "it would be unjust and unfair to treat plaintiff employee as a subcontractor."

The issues presented are whether the calculation of the plaintiff's average weekly wages required the Commission to (I) compute the total of the wages the plaintiff received from the employer in 1993 and 1994; and (II) deduct the expenses the plaintiff incurred in earning that income.

I

[1] Our Workers' Compensation Act provides several methods for determining an employee's "average weekly wages." N.C.G.S. § 97-2(5) (1991). If an employee has worked for an employer for less than fifty-two weeks, as in this case, the average weekly wages are to be determined by "dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages." *Id.* If, however, it is determined that this method would not be "fair and just" to both parties, "such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury." *Id.*; *see Wallace v. Music Shop*, 11 N.C. App. 328, 331, 181 S.E.2d 237, 239 (1971). This "other method" does not seek to establish some precise formula, but instead merely "sets up a standard to which results fair and just to both parties must be related." *Liles v. Electric Co.*, 244 N.C. 653, 658, 94 S.E.2d 790, 794 (1956).

In this case, the Commission determined that it was not fair to calculate the plaintiff's average weekly wages by dividing the wages received during the entire period, extending from March 1993 into March 1994, by the number of weeks worked. This determination, to be binding on this Court, must be supported by the evidence in the record. *Id.* at 660, 94 S.E.2d at 796. Because, however, there has been no assignment of error to this determination, it is deemed to be supported in the record, as appellate review of this issue is precluded. N.C. R. App. P. 10(a) (1996); *Harris v. Harris*, 307 N.C. 684, 690, 300 S.E.2d 369, 373 (1983) (scope of review limited to consideration of assignments of error). The Commission was therefore free to use an alternate method for measuring the plaintiff's average weekly wages and the wages earned in the last two and one-half months prior to the injury are a reasonable "approximation" of the wages "which the employee would be earning were it not for the injury." The use of the average of the 1994 wages to calculate the plaintiff's average weekly wages was therefore not error.

II

**[2]** In so holding we also reject the employer's argument that the Commission erred in its computation of the plaintiff's average wages in that it did not deduct the expenses the plaintiff incurred in earning those wages. There is no evidence that the plaintiff sustained any expenses in 1994, the time period used to compute the average weekly wages. Even if such expenses had been incurred by the plaintiff, the Commission is not required to deduct those expenses from the income earned to properly calculate the average weekly wages. This Court has held that when an employee is paid a set price for doing a particular job, it is proper to deduct the "expenses incurred in producing [that] revenue" in calculating the average weekly wages. *Baldwin v. Piedmont Woodyards, Inc.*, 58 N.C. App. 602, 604, 293 S.E.2d 814, 816 (1982) (plaintiff sold pulpwood to the employer "for a certain price per cord"). Even in this latter situation, however, the Commission is not required to deduct the expenses incurred by the plaintiff if it does not believe that this method "produces a result fair to the employer and employee." *Id.*

In this case, the Commission specifically stated that it believed it "would be unjust and unfair to treat plaintiff employee as a subcontractor." This language indicates that the Commission did not consider it fair to deduct from the plaintiff's income any expenses he may have sustained in the earning of that income. Because the record can

support that determination, we are bound by it. Accordingly, the Commission's refusal to deduct the plaintiff's expenses, if any, in its average weekly wages calculation was not error.

We have considered and overrule without discussion the employer's assignment of error with respect to the interest the employer was ordered to pay on the award.

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.