Reimbursed business expenses are not income and are not calculated as part of the average weekly wage. Christian v. Riddle MendenhallLogging, 117 N.C. App. 261, 450 S.E.2d 510 (1994). Travel allowances that do not exceed travel expenses are not considered income.Tyson v. Carolina Telephone and Telegraph Company, 70 N.C. App. 593 594,320 S.E.2d 326 (1984). Plaintiff received from defendant a payment of 28 cents per mile, of which 22 cents were treated as wages and 6 cents were advanced for business expenses while traveling. The 6 cents per mile for business expenses plaintiff received while traveling were not treated as wages or income by the defendant-employer or the claimant for tax purposes, and there was no evidence that pursuaded the hearing Deputy that plaintiff retained any part of the 6 cents after his actual business expenses were paid.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, and with minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Swift Transportation was self-insured with GAB as its adjusting company.
4. On July 22, 1993 plaintiff an injury by accident arising out of and in the course of his employment.
5. Plaintiff returned to regular duty work on August 3, 1993 at his regular wages. In addition, the parties stipulated into evidence five pages of medical records and reports. Forms 22 for the years 1992 and 1993 were subsequently submitted by defendant.
* * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff began working for defendant's predecessor in January 1986 as a truck driver. Defendant subsequently bought the trucking company in September 1991 and plaintiff continued working for the new company. His job as a dedicated driver involved driving a tractor trailer to haul beer from Eden to Maryland and back each day, although he would occasionally make an additional stop in Williamsburg on the return trip. He was not required to load or unload the truck.
2. Before defendant purchased the trucking company, the drivers were paid $.28 per mile and were responsible for paying for any expenses they incurred on the trip for meals, lodging and showers. The drivers kept records of their expenses and would deduct them when they filed their income tax returns. However, after defendant took over, the drivers were paid $.22 per mile as taxable income plus $.06 per mile travel allowance. The travel allowance was not reported to the government as income and the drivers no longer could deduct their travel expenses for tax purposes unless the expenses exceeded the allowance paid.
3. The travel allowance paid by defendant to plaintiff did not constitute wages to the extent that it reimbursed him for expenses while on the road. He did not produce an itemized list of expenses or tax records to show his actual expenditures, and it is presumed that he no longer kept such records. He also did not indicate that he reported any part of the sums he received for travel allowance as additional income when he filed his income tax return. Consequently, he did not establish that any part of the travel allowance constituted wages.
4. Plaintiff's average weekly wage as of July 22, 1993 was $608.73. This amount does not include payment for travel expenses.
5. On July 22, 1993 plaintiff sustained a compensable injury when he stepped down from his truck onto uneven pavement so that his ankle turned and he fell, landing on his left arm at the wrist. The following day he went to Dr. Beavers who treated him with medication and a splint for a sprain of the wrist. Plaintiff's condition improved with this conservative treatment.
6. Following the injury, plaintiff was unable to drive a truck due to his wrist condition until August 3, 1993, but his employer provided light work for him in the office. His earnings were significantly decreased from his regular wages as a truck driver, however. Defendant paid him $6.00 per hour for the light duty work. From July 23 through August 2, 1993 he earned $252.00, and he had previously received permission to take off from work on Friday July 30, 1993 so he was not paid at all for that scheduled workday. He was capable of earning only an average weekly wage of $176.40 due to the injury in question during this period.
7. Plaintiff continued to receive medical treatment for his injury until September 1, 1993 when he was released. There was no indication in the medical reports that he sustained any permanent partial disability as a result of his injury.
8. Defendant failed to file a Form 19 report of plaintiff's injury as required by law.
* * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff's average weekly wage was $608.73. N.C. Gen. Stat. § 97-2(5).
2. No compensation is payable for the first seven days of disability unless the injury results in disability of more than twenty-one days. N.C. Gen. Stat. § 97-28.
3. Plaintiff is entitled to compensation equal to two-thirds of the difference between his average weekly wages before and after the accident for the four days of temporary partial disability he sustained as a result of this injury after the seven-day waiting period, or $164.70. N.C. Gen. Stat. § 97-30.
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. Defendant may be fined a maximum of $25.00 for failure to report plaintiff's injury to the Commission as required by N.C. Gen. Stat. § 97-92(a) (e).
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay compensation to plaintiff in the amount of $164.70 for the four days of temporary partial disability he sustained as a result of this injury by accident.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. Defendants shall pay the costs due this Commission.
4. Defendants shall pay a penalty of $25.00 for its failure to file a Form 19 with the Industrial Commission pursuant to N.C. Gen. Stat. § 97-92.
 S/ ______________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
JRW:md 6/2/95; 2/27/97