BRYANT, Judge.
We affirm the opinion and award of the Industrial Commission ("the Commission") dismissing defendant Fireman's Fund Insurance Company (hereinafter "Fireman's Fund") from the action. Where defendant Fireman's Fund was not the proper carrier on the 1968 claim, plaintiff Charles King and defendant Fireman's Fund did not enter into an enforceable compromise settlement agreement.
On 30 September 1968, while working for defendant-employer Pike Electric, plaintiff sustained injuries to both legs and his pelvis after he fell approximately 30 feet from a transmission tower. Defendant-employer Pike Electric filed a Form 19 notice of plaintiff's injury on 1 October 1968, which listed Fireman's Insurance Company of Newark ("Fireman's Insurance") as plaintiff's carrier. The claim was accepted by defendant-employer Pike Electric, which admitted compensability, and Fireman's Insurance paid plaintiff's medical expenses. Plaintiff developed chronic osteomyelitis in his leg as a result of his injury. By all accounts, Fireman's Insurance was the carrier for the 1968 claim. Plaintiff was able to return to work on 6 July 1970 and continued his employment until 30 October 2014.
On 30 October 2014, plaintiff sustained another injury--a fracture to his right ankle and foot--while working for defendant-employer Pike Electric. This injury resulted in amputation below the knee of his right leg, the spread of osteomyelitis to other parts of his body, and disability. Plaintiff filed notice of the injuries alleging that, in addition to the current fracture of his ankle and foot, the 2014 injury aggravated a pre-existing condition from the 1968 injury. Defendant-employer Pike Electric and Liberty Mutual Insurance (hereinafter "Liberty Mutual"), who was identified as the carrier, filed a Form 19 notice of plaintiff's 2014 injury. However, on 25 November 2014, Liberty Mutual filed a form 61 denying the 2014 claims, alleging "no causal relationship" between the 2014 injury and the aggravated 1968 injury.
Plaintiff filed two requests for a hearing: one for the 2014 injury and one for the aggravation of the 1968 injury. Fireman's Insurance was listed as the carrier on plaintiff's request for the aggravated 1968 claim, however, service was directed to defendant Fireman's Fund--an entity wholly separate and distinct from Fireman's Insurance. As a result, defendant Fireman's Fund was mistakenly made a party to the action.[1]
On 19 January 2016, a consolidated hearing took place before a deputy commissioner. Prior to the hearing, the parties--Liberty Mutual, plaintiff, and defendants Pike Electric and Fireman's Fund--prepared a pre-trial agreement which stipulated, inter alia , that "Fireman's Insurance Company was the carrier on the risk" for the 1968 claim. The pre-trial agreement was approved by the deputy commissioner and ordered to be filed. On 23 June 2016, a joint motion to stay proceedings was filed stating that the parties had reached an agreement to settle and planned to submit a compromise settlement agreement to the deputy commissioner for review. Pursuant to the motion, an order was entered staying the matter until 29 August 2016 "pending submission of a [c]ompromise[ ] [s]ettlement [a]greement."
On 8 July 2016, defendant Fireman's Fund filed a motion to dismiss alleging it was not a proper party to the action and moved to add Fireman's Insurance as the proper party-defendant. As of that date, the parties had not submitted a compromise settlement agreement to the deputy commissioner. Plaintiff moved to enforce the agreement to enter into a compromise settlement agreement with defendant Fireman's Fund. Plaintiff's motion was denied, and an order was entered dismissing defendant Fireman's Fund from the action with prejudice. Plaintiff appealed to the Full Commission. On 6 December 2017, the Full Commission filed an opinion and award that affirmed the order of the deputy commissioner denying plaintiff's motion to enforce the agreement to enter into a compromise settlement agreement and granting defendant Fireman's Fund's motion to dismiss. Plaintiff appeals.
_________________________
On appeal, plaintiff argues the Commission erred by failing to enforce the agreement to enter into a compromise settlement agreement against defendant Fireman's Fund and by granting defendant Fireman's Fund's motion to dismiss.
Under the North Carolina Workers' Compensation Act, "the Commission is the fact[-]finding body." Brewer v. Powers Trucking Co. , 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962). "[O]ur role in reviewing decisions of the Commission is strictly limited to the two-fold inquiry of (1) whether there is competent evidence to support the Commission's findings of fact; and (2) whether these findings of fact justify the Commission's conclusions of law." Foster v. Carolina Marble & Tile Co. , 132 N.C. App. 505, 507, 513 S.E.2d 75, 77 (1999). While this Court reviews the Commission's conclusions of law de novo , all questions of fact shall be conclusive and binding upon review of the Commission provided by N.C. Gen. Stat. § 97-86 and "will not be disturbed on appeal if they are supported by competent evidence even if there is contrary evidence in the record." Lemly v. Colvard Oil Co. , 157 N.C. App. 99, 102, 577 S.E.2d 712, 714 (2003) (quoting Hawley v. Wayne Dale Const. , 146 N.C. App. 423, 427, 552 S.E.2d 269, 272 (2001) ).
Plaintiff disputes the basis for the Commission's conclusions of law by arguing that the parties entered a written agreement on all essential terms and expressly noted to the Commission that a compromise settlement agreement would be submitted at a later time. Specifically, plaintiff argues "it was premature to determine whether the e-mail exchanges and the [j]oint [m]otion to [s]tay [met] the requirement of a valid compromise settlement agreement" and "the parties submitted those documents as notification to the Commission that they reached a settlement agreement," which "duly-executed" the agreed terms. For those reasons, plaintiff argues that the Commission erred by dismissing defendant Fireman's Fund from the action. We disagree.
"It has been long held that compromise agreements are governed by the legal principles applicable to contracts generally, which include the central principle that, in the formation of a contract, an offer and an acceptance are essential elements; they constitute the agreement of the parties." Chaisson v. Simpson , 195 N.C. App. 463, 475, 673 S.E.2d 149, 159 (2009) (internal quotations and citation omitted). However, pursuant to N.C. Gen. Stat. § 97-17, an agreement for compensation between the parties in a workers' compensation proceeding that has not been approved by the Commission is not binding. See Baldwin v. Piedmont Woodyards, Inc. , 58 N.C. App. 602, 603, 293 S.E.2d 814, 815 (1982). A compromise settlement agreement becomes binding when the Commission, while acting in its judicial capacity, reviews and approves the settlement agreement, and the "settlement agreement, once approved, becomes an award enforceable by court decree." Glenn v. McDonald's , 109 N.C. App. 45, 48, 425 S.E.2d 727, 729 (1993).
In the instant case, the parties participated in discussions through e-mails regarding compensation towards plaintiff's injuries. Such discussions included defendant Fireman's Fund's agreement to contribute to the overall settlement amount. Following the e-mails, the parties submitted a joint motion to stay proceedings which detailed the agreed terms for settlement.
The Commission made the following conclusions of law based on the parties' communications:
5. Plaintiff contends, in this case, that he is not asking the Commission to enforce the e-mail exchanges and Joint Motion to Stay as a settlement agreement entered into by and between plaintiff and [defendant] Fireman's Fund, but, instead, is asking the Commission to enforce the agreement reached between plaintiff's counsel and former counsel for [defendant] Fireman's Fund to enter into a compromise settlement agreement that would comply with N.C. Gen. Stat. § 97-17[2] and Rule 04 NCAC 10A .0502. Plaintiff and [defendant] Fireman's Fund never reached an agreement as to all essential terms required for an enforceable settlement in I.C. No. 15-748197; therefore, plaintiff and [defendant] Fireman's Fund have not reached a meeting of the minds as to all essential terms of a settlement agreement and no contract for settlement has been made. See Northington v. Michelotti, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995) ("Where the parties agree to make a document or contract which is to contain any material term that is not already agreed on, no contract has been made; a so-called contract to make a contract is no contract at all.") (internal quotation marks and citation omitted). There is no precedent of which the Commission is aware in which the appellate Courts of our state have ordered the parties to submit a compromise settlement agreement that complies with the requirements of N.C. Gen. Stat. § 97-17 and Rule 04 NCAC 10A .0502 as plaintiff requests in this case. Accordingly, in light of the mandate in Lemly and application of contract law to the facts herein presented, the Commission declines to do so in the present case.
6. The Commission may set aside a settlement agreement if a party to the agreement is able to show to the satisfaction of the Commission that there has been error due to mutual mistake of fact. N.C. Gen. Stat § 97-17 (2016). "[T]he 'settlement agreement' to which section 97-17 pertains is the final compromise settlement agreement required to be approved by the Commission." Barnes , 2014 N.C. App. LEXIS 73, at *9 (citation omitted). Because the agreement reached between counsel for plaintiff and counsel for [defendant] Fireman's Fund does not comply with the requirements of N.C. Gen. Stat. § 97-17 and Rule 04 NCAC 10A .0502, it is irrelevant whether the stipulation of coverage by [defendant] Fireman's Fund was premised upon a mutual mistake of fact, as there is no enforceable agreement to be set aside between plaintiff and [defendant] Fireman's Fund. N.C. Gen. Stat. § 97-17 (2016).
(emphasis added).
While plaintiff argues there was a compromise settlement agreement, the record supports the Commission's conclusion that the documents submitted did not contain the terms required to form an enforceable agreement. The language in the e-mails indicates that although the parties "settled" this matter prior to submitting a joint motion to stay, a valid compromise settlement agreement was not drafted for the Commission to approve. In fact, at the time the joint motion was filed, it stated that "the parties respectfully request that the Industrial Commission enter an Order staying this matter pending submission of a compromise settlement agreement." (emphasis added). It is clear based on the language in the motion that plaintiff was aware of the proper procedure for obtaining an enforceable compromise settlement agreement and did not follow that procedure. Therefore, the agreement to settle between the parties could not be enforced as a compromise settlement agreement. As there was no enforceable agreement before the Commission, defendant Fireman's Fund was allowed to withdraw its consent to enter into an agreement.
Plaintiff contends he is materially prejudiced by defendant Fireman's Fund's removal from the action, however, this argument is without merit. The record reflects that since defendant Fireman's Fund's removal from the action; plaintiff reached a compromise settlement agreement with the proper party, Fireman's Insurance, who agreed to compensate plaintiff for his injuries. The agreement, which also included Liberty Mutual and defendant-employer Pike Electric, was approved by the Commission.
For the reasons stated herein, the Commission's opinion and award is
AFFIRMED.
Report per Rule 30(e).
Judges DIETZ and INMAN concur.

Defendant Fireman's Fund was not the carrier on the 1968 claim.

Under N.C. Gen. Stat. § 97-17, it governs settlements in accordance with the Worker's Compensation Act. See N.C.G.S § 97-17 (2017).